UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN TRACEY MOORE,           ) | |
|                              ) | |
|        Plaintiff,           ) | |
|                              ) | |
|     v.                           ) | Civil Action No. 25-00137 (UNA) |
|                              ) | |
| DEPARTMENT OF HOMELAND  ) | |
| SECURITY *et al.*,                ) | |
|                              ) | |
|        Defendants.       ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff sues the Department of Homeland Security (DHS) and the Federal Bureau of Investigation (FBI). In her "Introduction," Plaintiff alleges that DHS employees "tried to make me look like a terrorist to hit on women from Norway" and "have known since 2011 about devices in me from someone in a government agency, and to address it then, not after Norwegians and I exchanged information in public in 2017." Compl., ECF No. 1 at 3. Plaintiff alleges that in 2012, she contacted DHS "concerning devices inside my body" she believes were "used to control" her "for human trafficking, specifically a gun, remote detonating devices," and DHS replied, "there was nothing they could do to help me." *Id*. at 4-5. Plaintiff then traveled to Washington, D.C. "to talk to the FBI about the medical records in 2012" but "was sent away with a card and told to come back another day." *Id* at 5. Plaintiff alleges that due to "military experiments done to me in the 1970s," she has "fiber optic cables" in her eyes and "a COM link device embedded" in her "bone

structure inside [her] head." *Id*. at 4.  The complaint consisting of 43 pages continues in this perplexing manner.

Plaintiff's litany of claims includes negligence, intentional infliction of emotional distress, attempted murder, cyber stalking, child endangerment, sexual assault, peonage, terrorism, and cites the First, Fourth, and Thirteenth amendments.  *Id*.; *see also id*. at 11-33 (Causes of Action). Plaintiff seeks dismissal "with prejudice" of any "prosecutions charges in any state" against her, "if they exist," *id*. at 33, and "a judgment of $125,000,000 for a lifetime of abuse and neglect from law enforcement agencies that stem from this long scheme that enriched the state over 35 years," *id*. at 38.

A complaint determined, as here, to lack "an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), is appropriately dismissed as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Because no "allegation of other facts" could plausibly cure the deficiencies of the complaint, this case will be dismissed with prejudice.  *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam).  A separate Order accompanies this Memorandum Opinion.

Date: April 25, 2025

_____/s/_____
TANYA S. CHUTKAN
United States District Judge